UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David A. Luster, | ) C/A No. 5:14-2594-TMC-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Dolphin, Agent Federal Bureau of Investigation; | ) |
| Vining, Lieutenant Federal Bureau of Prisons, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed pro se by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual and Procedural Background

David A. Luster ("Plaintiff") is a federal prisoner currently incarcerated at FCI-Edgefield in Edgefield, South Carolina. In this *Bivens* action,[1] Plaintiff asserts that his Fifth, Sixth, and Eighth Amendment rights are being violated because he is being held away from the general population in the Special Housing Unit ("SHU") since August 2, 2014," ECF Nos. 1 at 2, 1-3 at

---

[1]*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See  Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

3, pending indictment on conspiracy charges arising from the August 2, 2013 seizure of marijuana from the person of one of Plaintiff's visitors. Compl. 2, ECF No. 1. Plaintiff alleges that he is being "deprive[d] of his freedom from the prison population and being held as a detainee." *Id*. at 3. Plaintiff also alleges he is "being cut off from [his] family . . ." and is "unable to attend to [his] financial responsibility." ECF No. 1-3 at 3. He also alleges Defendants have kept him in SHU "isolation for over 1 year [and] [c]aused [him] to get a drug and alchol [sic] test for suspicion of drug use." *Id*. at 4. He further alleges that the "isolation caused a lost [sic] of marriage, bonding time with children, mental anguish." *Id*. Plaintiff asserts that his "speedy trial rights" (Sixth Amendment), his Eighth Amendment rights, and his Fifth Amendment due-process rights are being violated because it is taking too long to indict him and that he should not be kept isolated in SHU while awaiting the grand jury's action. Compl. 4, ECF No. 1. He sues Defendant FBI "Agent Dolphin" and FCI-Edgefield "Lt. Vining," seeking compensatory and punitive damages and the following injunctive relief: release from SHU until such time as a grand jury indictment against him is issued; and an order that Defendants be relieved of duty and reprimanded for their allegedly improper conduct. *Id*.; ECF No. 1-3 at 5.

Following review of Plaintiff's original, hand-prepared Complaint, ECF No. 1, the undersigned entered an Order directing Plaintiff to submit a completed, court-approved complaint form and to submit financial information required to bring this case into proper form. ECF No. 6. Plaintiff complied with the Order and the initial review of his completed court-approved complaint form discloses that he did not begin the BOP administrative remedy process relative to the claims asserted in this case until June 19, 2014. ECF No. 1-3 at 2. That date was only two days before Plaintiff filed this case by submitting his Complaint to the

FCI-Edgefield mailroom for mailing to this court according to the date of "6/21/14" shown on the prison stamp on the envelope in which the Complaint was mailed. ECF No. 1-2. *Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at the moment of delivery to prison authorities for forwarding to district court).

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint

3

filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Analysis

Despite Plaintiff's assertion otherwise, ECF No. 1-3 at 5 (citing to "Cissero v. United States of America" without providing a book and page number),[3] he is required to exhaust his administrative remedies within the Federal Bureau of Prisons ("BOP") system regarding the constitutional-violations claims he asserts before bringing a civil lawsuit against BOP or other federally employed individuals. It is true that prior to 1996, a federal prisoner asserting a *Bivens* claim was required to exhaust his or her administrative remedies only if the prisoner was seeking injunctive relief. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992). The *McCarthy* case interpreted the then-current statute codified as 42 U.S.C. § 1997(e), which is part of the Civil Rights of Institutionalized Persons Act ("CRIPA"), to require exhaustion of administrative remedies only by state prisoners seeking relief pursuant to 42 U.S.C. § 1983.[4] However, CRIPA was amended by the Prison Litigation Reform Act ("PLRA") after the *McCarthy* decision. In pertinent part, the statute now provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other federal law*, by a prisoner confined in any jail, prison, or other correction facility until such Administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e) (emphasis added). As a result, many courts determined that the PLRA superseded *McCarthy*. *See, e.g.*, *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Foulk v.*

---

[3] A Westlaw "title search" of all federal cases using the spelling of the case name used by Plaintiff did not disclose a case with that name.

[4] The Administrative Remedy Program established by the Bureau of Prisons does not authorize prison officials to grant monetary and declaratory relief. 28 C.F.R. § 542.10. Thus, it was held

4

*Charrier*, 262 F.3d 687, 695 (8th Cir. 2001); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999); *Sallee v. Joyner*, 40 F. Supp. 2d 766, 767-68 (E.D. Va. 1999). For example, in *Fortes v. Harding*, 19 F. Supp. 2d 323 (M.D. Pa. 1998), a federal prisoner brought a *Bivens* action seeking injunctive relief against prison officials whom he alleged were interfering with his ability to appeal his conviction. The court noted that the PLRA made no distinction between an action for damages, injunctive relief, or both, and dismissed the case for, among other things, the failure to exhaust his federal administrative remedies. 19 F. Supp. 2d at 325; *see also Odumosu v. Keller*, 205 F.3d 1324, *2 (2d Cir. 2000) (agreeing the PLRA superseded *McCarthy*, but not requiring exhaustion of a *Bivens* damage claim).

Thereafter, the United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . ."). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S. 199, 211-12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court (such as answers to special interrogatories), sua sponte dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005).

---

that a federal prisoner who was seeking monetary and declaratory relief did not have an available administrative remedy. *Garrett v. Hawk*, 127 F.3d 1263, 1266 (10th Cir. 1997).

The BOP has established an administrative procedure whereby a federal inmate may seek review of complaints relating to *any aspect of his or her confinement*. *See* 28 C.F.R. § 542.10. Although Plaintiff alleges that he began the administrative-remedy process shortly before he filed this case, ECF No. 1-3 at 2, there is no indication of his receipt of any response from the Warden of FCI-Edgefield before he filed the case. *See* 28 C.F.R. § 542.10-19 (codification of the BOP administrative remedy process). Regardless of whether he received the Warden's response before Plaintiff submitted his responses to the court's initial Order, that step was only the beginning of the formal administrative-remedy process. It is clear from the face of the pleadings that Plaintiff did not give the BOP administrative-remedy process time to work before he filed this case. *See* 28 C.F.R. § 542.13(b). If Plaintiff is/was unsatisfied with the Warden's response, he must appeal that response to the BOP Regional Director, and, if still unsatisfied with the response, Plaintiff must appeal further to the Office of General Counsel before he can be said to have fully exhausted his BOP administrative remedies. 28 C.F.R. § 542.15. It has been held that a *Bivens* plaintiff "has no alternative but to comply" with these administrative procedures. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). In other words, the United States District Court for the District of South Carolina may not waive compliance with the administrative procedures established by the BOP. Because it is clear from the face of the pleadings that Plaintiff did not complete the BOP administrative remedy process before filing this case, regardless of the facial plausibility of his *Bivens* claims,[5] his Complaint should be

---

[5] In light of Plaintiff's failure to exhaust his administrative remedies, the undersigned makes no findings concerning the facial plausibility of Plaintiff's allegations of constitutional violations in connection with his restricted conditions of confinement at the FCI-Edgefield SHU. It is noted, however, that his "speedy-indictment" claims are similar to those considered and found lacking in the cases of *United States v. Gouveia*, 467 U.S. 180, 191-92 (1984) (Fifth Amendment requires dismissal of indictment if defendant proves actual prejudice and intentional delay to

summarily dismissed. *See Ballenger v. Barkley*, No. 6:03-3333-27, 2004 WL 3312032, * 3 (D.S.C. Nov. 15, 2004) (exhaustion must be complete when the case is filed and the court should not stay the case while the exhaustion process proceeds).

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

August 19, 2014                                                             Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

gain advantage; prejudice from "mere passage of time" is insufficient) and *United States v. Bambulas*, 571 F.2d 525, 527 (10th Cir. 1978) (placing a prisoner in segregation upon discovery of his role in connection with introduction of contraband in the federal penitentiary was not an "arrest" for purposes of initiating time period for measuring pre-indictment delay).

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).