IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| David A. Luster, ) | |
| ) | C/A No. 5:14-2594-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| ) | |
| Dolphin, Agent Federal Bureau of Investigation; ) | |
| Vining, Lieutenant Federal Bureau of Prisons; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, David A. Luster, a federal inmate proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this case was referred to a magistrate judge for all pre-trial proceedings. On August 19, 2014, the magistrate judge filed a Report and Recommendation ("Report") in which the magistrate judge recommended Plaintiff's complaint be dismissed for failure to exhaust administrative remedies. (ECF No. 14). Plaintiff filed timely objections. (ECF No. 17).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Report to which objections have been filed. *Id.* However, the court need not conduct a de novo review

1

when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Id.* Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The Federal Bureau of Prisons ("BOP") has established an Administrative Remedy Program, 28 C.F.R. § 542.10, et seq., through which a federal inmate can seek review of complaints relating to confinement and which includes a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10 et seq. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. An inmate must first seek to informally resolve the complaint at the institution level on the proper form, BP-8. 28 C.F.R. § 542.13. If the matter is not resolved informally or the inmate does not receive a response, the

inmate may file a formal written complaint, BP-9, with the warden. 28 C.F.R. § 542.14.[1] If dissatisfied with the response or the inmate does not receive a response, the inmate can appeal to the Regional Director on a form BP-10. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate can appeal to the General Counsel using a form BP-11. *Id*. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. § 542.15(a).

"[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only available administrative remedies be exhausted. And a grievance procedure is not available if prison officials prevent an inmate from using it. See *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

The court has conducted the requisite de novo review of the record and, while Plaintiff's objections are lengthy and detailed, they mostly restate factual allegations and legal conclusions raised in the original petition and fully addressed in briefing, and in the Report. Moreover, the objections barely address whether Plaintiff exhausted administrative remedies. *See* (ECF No. 17).

Plaintiff states that he gave information to "corrupt correctional officers" that did not pursue his claim due to personal entanglements. (ECF No. 17, p. 4). Nonetheless, Plaintiff provides no justification for why he did not formally seek review or for why he did not seek review of his case at higher levels in the prisoner grievance system. *See* 28 C.F.R. § 542 *et seq.* (outlining the steps for the BOP's administrative grievance system). Accordingly, the court determines that Plaintiff did not exhaust his administrative remedies.

---

[1] If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

Plaintiff argues that a magistrate judge lacks the power to summarily dismiss a case, except for when the allegations are "so palpably incredible [or] so patently frivolous or false." (ECF No. 17, p. 6).  In *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005), the Fourth Circuit held that a district court has the power to dismiss a complaint sua sponte for failure to exhaust administrative remedies "where the failure to exhaust is apparent from the face of the complaint."  As the magistrate judge properly determined, the failure to exhaust administrative remedies is apparent from Plaintiff's complaint.  Accordingly, this argument is without merit.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Plaintiff's objections are without merit and adopts the Report.  It is therefore **ORDERED** that Plaintiff's Complaint is summarily **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

/s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 14, 2014

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.